IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LSV ENTERTAINMENT, LLC, | : |
| Plaintiff, | : : : |
| vs. | : 2:24-cv-1867 |
| | : JUDGE ALGENON L. MARBLEY |
| EDDIE BARBER, *et al.*, | : : |
| Defendants. | : |

**OPINION AND ORDER**

This is an action for declaratory and injunctive relief in which Plaintiff LSV Entertainment, LLC, ("Plaintiff") seeks declaratory and injunctive relief assuring its entitlement to statutory "featured artist" royalties under Section 114 of the Copyright Act, 17 U.S.C. § 114(g)(2)(D), in connection with the performances of sound recordings by the Artists "Zapp" and "Roger" ("Zapp and Roger Recordings"). Named as Defendants are Eddie Barber, Bobby Glover, Gregory Jackson, Michael Warren, and Jannetta Boyce-Warren. (Complaint, ECF No. 1, ¶ 5) This matter is now before the Court on Plaintiff's Motion for Default Judgment against Eddie Barber, Gregory Jackson, and Bobby Glover, ECF No. 24, Defendant Glover's Motion to Set Aside the Clerk's Entry of Default, ECF No. 31, and Motion for Leave to File Answer *Instanter*, ECF No. 32, and on Plaintiff's Motion for Default Judgment against Michael Warren and Janetta Boyce-Warren, ECF No. 39. For the reasons that follow, the Court grants Plaintiff's motions for default judgment as against all Defendants except Defendant Glover, and grants Defendant Glover's motions to set aside the entry of default and for leave to file an answer *instanter*.

I.  **Statutory Framework and Plaintiff's Allegations**

The Copyright Act, as amended, establishes the exclusive right to perform a copyrighted work publicly by means of a digital audio transmission, 17 U.S.C. § 107(6), and provides a statutory framework for the payment of royalties from those transmissions to the intended beneficiaries, 17 U.S.C. § 114(g). *See SoundExchange, Inc. v. Copyright Royalty Bd*., 904 F.3d 41. 46 (D.C. Cir. 2018). The relevant statute provides, in pertinent part, that

> (C) 2 ½ percent of the receipts shall be deposited in an escrow account managed by an independent administrator . . . to be distributed to nonfeatured vocalists. . . .
>
> (D) 45 percent of the receipts shall be paid, on a per sound recording basis, to the recording artist or artists featured on such sound recording. . . .

17 U.S.C. § 114(g)(2)(C), (D). SoundExchange, Inc., ("SoundExchange") is the "'nonprofit collective designated. . . to distribute receipts from the licensing of transmissions.'" *SoundExchange, Inc. v. Muzak LLC*, 854 F.3d 713, 715 (D.C. Cir. 2017).

This action arises out of a dispute over entitlement to "featured artist" royalties collected by SoundExchange for performances of the Zapp and Roger Recordings. Plaintiff alleges in the Complaint that the bands known as "Zapp" and "Roger" were or are owned by the Troutman brothers: Roger, Larry, Lester, and Terry. (Complaint, at ¶ 2) Plaintiff is the royalty administrator retained by Lester, Terry, and Larry's widow and children to collect and distribute feature artist SoundExchange royalties.[1] (*Id*. at ¶ 4) Plaintiff alleges that Defendants, who are identified as "talented musicians and singers who performed on some" Zapp and Roger Recordings, (*id*. at ¶ 5) have wrongfully claimed entitlement to "featured artist" royalties paid by SoundExchange for performances of Zapp and Roger Recordings. (*Id*. at ¶ 4) As a result,

---

[1] Plaintiff and the Estate of Roger Troutman entered into a settlement agreement that assigned 57.5% of featured artist royalties to the Estate and 42.5% of featured artist royalties to Plaintiff. (Complaint, ¶ 63; Exhibit 5 to the Complaint, ECF No. 1-5)

Plaintiff alleges, SoundExhange is holding and has stopped payment on all "featured artist" royalties to Plaintiff. (*Id*. at ¶ 6) Plaintiff asks for a declaratory judgment confirming that Defendants are "non-featured artists" on all Zapp and Roger Recordings and an injunction enjoining each Defendant from claiming entitlement to "featured artist" statutory royalties. (*Id*. at PageID# 19)

## II. Plaintiff's Motions for Default Judgment and Defendant Glover's Motion to Set Aside Default

Defendant Gregory Jackson was personally served with process on April 25, 2024, (Affidavit of Service, ECF No. 9) Defendant Bobby Glover was personally served with process on April 26, 2024. (Affidavit of Service, ECF No. 13) No response was timely filed by Defendants Jackson or Glover. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that an answer is due "within 21 days after being served with the summons and complaint"). The Clerk entered their default on June 3, 2024. (Clerk's Entry of Default, ECF No. 19) Defendant Eddie Barber was personally served with process on May 14, 2024. (Affidavit of Service, ECF No. 16) When no answer was filed by this Defendant, the Clerk entered the fact of Defendant Barber's default on June 7, 2024. (Clerk's Entry of Default, ECF No. 21). Defendant Janetta Boyce-Warren was served with process by the Clerk's ordinary mail on June 25, 2024, (Certificate of Mailing, ECF No. 26) and the Clerk entered the fact of her default on August 8, 2024. (Clerk's Entry of Default, ECF No. 34) Defendant Michael Warren was served with process by the Clerk's ordinary mail on July 17, 2024, (Certificate of Mailing, ECF No. 28) and the Clerk entered the fact of this Defendant's default on August 23, 2024. (Clerk's Entry of Default, ECF No. 37) Plaintiff moves for default judgment against all Defendants. Plaintiff's Motion for Default Judgment against Eddie Barber, Gregory Jackson, and Bobby Glover, ECF No. 24; Plaintiff's Motion for Default Judgment against Michael Warren and Janetta Boyce-Warren, ECF No. 39.

3

A. Defendant Glover

Only Defendant Glover has responded to Plaintiff's motion for default judgment; he asks that the Clerk's entry of his default be set aside and that he be permitted to file an answer to the Complaint *instanter*. (Defendant Glover's Motion to Set Aside the Clerk's Entry of Default, ECF No. 31, and Motion for Leave to File Answer *Instanter*, ECF No. 32) The Court concludes that Plaintiff Glover's motions are meritorious.

Once a party's default has been entered by the Clerk, but before judgment has been entered, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). *See also Dassault Systemes, SA v. Childress,* 663 F.3d 832, 840 (6th Cir. 2011). "Good cause" in this context requires consideration of three well-established factors: "'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Id.* at 838-39 (quoting *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F. 2d 830, 844 (6th Cir. 1983)). In this Circuit, courts favor a trial on the merits and doubts should be resolved in favor of setting aside the "harsh sanction of default." *United Coin*, 705 F.2d at 846; *see also United States v. $ 22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) ("In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps.").

Defendant Glover's answer was due on or before May 17, 2024. The Clerk entered this Defendant's default on June 3, 2024, and Plaintiff's motion for default judgment against this Defendant was filed on June 12, 2024. Defendant Glover's first filing in this action appeared more than six (6) weeks later, on July 31, 2024, when he filed his motion to set aside the entry of default. Despite this delay, Defendant Glover insists that any neglect on his part is excusable.

4

In order to be culpable for purposes of Rule 55(c), a defendant's actions "'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Dassualt Systemes*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Defendant Glover asserts that his failure to respond timely to the Complaint was not willful and did not reflect a disregard for the judicial process. Explaining his failure to respond promptly, Defendant Glover avers that he is 78 years old, suffers from "memory loss/dementia", relies on his son to handle his finances and most of his day-to-day affairs, and did not know or understand that he was required to respond to the Complaint. (Affidavit of Bobby Glover, ¶¶ 3-5, attached to Motion to Set Aside the Clerk's Entry of Default, ECF No. 31, PageID# 339-40) Although Defendant Glover does not specify the exact timing of his actions, he goes on to testify that he showed the Complaint to his son, who sent the document to an attorney who, in turn, referred Defendant Glover to the attorney who now represents him in this action. (*Id*. at ¶¶ 6-7) The Court finds that Defendant Glover's statements in his affidavit provide a plausible explanation for his failure to act promptly and support his assertion that he harbored no intention to disregard the judicial process. Consideration of this factor, then, weighs in favor of setting aside the entry of default.

The Court also concludes that Plaintiff will not be unduly prejudiced by setting aside Defendant Glover's default. Plaintiff argues that it "will be prejudiced by continuing to incur legal fees litigating its claim against Glover, and its continued deprivation of royalties that it is plainly entitled to receive from SoundExchange on behalf of the Troutmans." (Plaintiff's Memorandum of Law in Opposition to Defendant Bobby Glover's Motion to Set Aside the Entry of Default and Leave to File an Answer, ECF No. 35, PageID# 357) But this "prejudice" is simply the burden that every plaintiff must bear as a consequence of on-going, active litigation.

Instead, the prejudicial delay contemplated by Rule 55(c) must involve "'the loss of evidence, create difficulties of discovery, or provide greater opportunities for fraud and collusion.'" *Dassault Systemes*, 663 F.3d at 842 (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). Consideration of this factor, too, weighs in favor of setting aside the entry of default against Defendant Glover.

Plaintiff most vigorously challenges Defendant Glover's assertion of a meritorious defense. However, this factor does not require a showing of likelihood of success. "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin*, 705 F.2d at 845. A defense is meritorious for purposes of Rule 55(c) "if it contains '"even a hint of a suggestion" which, proven at trial, would constitute a complete defense.'" *INVST Fin. Group*, 815 F.2d at 399 (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). "The key consideration is 'to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting 10 C. Wright, A. Miller, M. Kane, § 2697 at 531.

Defendant Glover insists that he is entitled to "featured artist" royalties. In support, Defendant Glover avers in his affidavit that he "was a full-fledged member of the band Zapp and Roger," that his name and likeness were included in group promotional items, that he sang on almost every recording on certain albums, and that he "was compensated in the same fashion as other members of the group[,] which compensation came from royalties from record sales and public performances. . . ." (Affidavit of Bobby Glover, ¶¶ 8-15) Plaintiff argues that Defendant Glover cannot qualify as a "featured artist" because he was not featured, or even named, on the Zapp and Rogers Recordings, is not a party to or identified in the groups' record contracts with Warner, and indeed released his own album under a different label, contrary to the exclusivity

6

provisions in the groups' contracts with Warner. (*See generally* Complaint, at ¶ 36-40; Plaintiff's Memorandum of Law in Opposition to Defendant Bobby Glover's Motion to Set Aside the Entry of Default and Leave to File an Answer)

The Copyright Act does not define the term "featured artist" in this context. Only one Court of Appeals has dealt with the term, *Ithier v. Aponte-Cruz*, 105 F.4th 1 (1st Cir. 2024), and although the facts of *Ithier* are somewhat different from those presented in this case, its holding is instructive. *Ithier* held that the defendant in that case qualified as a "featured artist" for purposes of § 114(g)(2) because he was a natural person rather than a corporate entity, and was in fact a performing member of the band. *Id*. Indeed, the court emphasized this point in dictum:

> Ithier did play as a member of [the band] in some of the band's recordings as a pianist. Consistent with our holding here, he would be entitled to featured artist statutory royalties generated by those recordings because he played on those recordings as a member of [the band]. For the reasons we have explained, he would not, however, be entitled to featured-artist royalties for those recordings simply because he is the owner of [the band]."

*Id.* at fn. 6.

Although this Court expresses no opinion, at present, whether full litigation of the issue will prove that Defendant Glover qualifies as a "featured artist" on any of the Zapp and Roger Recordings, the Court nevertheless concludes at this preliminary stage that this Defendant has sufficiently articulated a meritorious defense to Plaintiff's claim.

Under all these circumstances, then, the Court concludes that Defendant Glover has established good cause to set aside the Clerk's entry of default against him. It also follows that Defendant Glover will be permitted to file an answer to the Complaint.

      B.  Defendants Eddie Barber, Gregory Jackson, Michael Warren,
         and Jannetta Boyce-Warren

Plaintiff also moves for default judgment against the remaining Defendants—Defendants Eddie Barber, Gregory Jackson, Michael Warren and Jannetta Boyce-Warren—and seeks a declaration confirming that these Defendants are "non-featured artists" on all Zapp and Roger Recordings and an injunction enjoining each of these Defendants from claiming entitlement to "featured artist" statutory royalties. As noted above, none of these Defendant has responded to the Complaint, their default has been entered by the Clerk, and they have made no response to Plaintiff's motions for default judgment.

When considering a motion for default judgment, a court must consider the following factors:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F.App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F. 2d 1470, 1472 (9th Cir. 1986)). In engaging in this process, a court must accept as true the well-pleaded factual allegations in the complaint regarding liability. *JJ Rods LLC v. Horchen*, 2:22-cv-3052, 2024 WL 2883287, *1 (S.D. Ohio June 7, 2024).

This Court concludes that Plaintiff has established sufficient prejudice to justify default judgment against these Defendants. Litigation on the claims against these Defendants, including possible extensive discovery on each claim, will surely be costly and the costs of those litigation efforts cannot be justified in the face of these Defendants' apparent refusal to engage in the process.

8

Moreover, the merits of Plaintiff's claims against these Defendants, as articulated in the comprehensive Complaint, weighs in favor of granting Plaintiff's motions. The Complaint alleges that none of these Defendants has ever been identified as members of the bands in record contracts (*id*. at ¶¶ 28-29, 44-45, 50), nor have they been identified on any of the Zapp and Roger Recordings album covers (*id*. at ¶¶ 22, 65-83). Moreover, Plaintiff alleges, these Defendants were not apparently even listed as background singers on some of the recordings at issue in this case. (*Id*. at ¶¶ 70, 72, 74, 80, 82)

Although a default judgment that results in a substantial monetary award may give a court pause, *see Russell*, 34 F. App'x at 198, Plaintiff does not seek a damage award and the amounts at issue are not so great as to warrant alarm.[2] And because these Defendants have wholly failed to engage in this litigation, they have rendered it impossible to determine whether Plaintiff's claims against them involve disputed material facts. For the same reason, the Court cannot conclude that their default was due to excusable neglect. Finally, any preference for a decision on the merits of Plaintiff's claims against these Defendants has been rendered entirely meaningless in light of their defaults.

For all these reasons, then, the Court concludes that Plaintiff's motions for default judgment against all Defendants except Defendant Glover are meritorious.

### III. Conclusion

Defendant Glover's Motion to Set Aside the Clerk's Entry of Default, ECF No. 31, and Motion for Leave to File Answer *Instanter*, ECF No. 32, are **GRANTED**. The Clerk's entry of this Defendant's default, ECF No. 19, is **VACATED**. The Clerk is **DIRECTED** to file

---

[2] SoundExchange currently holds approximately $ 770,000 in statutory royalties. (Declaration of Laurence S. Moelis, ECF No. 24-2, ¶ 7) The Defendants have apparently asserted claims to amounts somewhat less than that amount. (*Id*. at ¶ 8; Declaration of Laurence S. Moelis, ECF No. 39-2, ¶ 8)

Defendant Glover's tendered Answer, Exhibit A attached to Motion for Leave to File Answer *Instanter*, ECF No. 32.[3]

Plaintiff's motions for default judgment against all other Defendants, ECF No. 24, ECF No. 39, are **GRANTED**. The Court **DECLARES** that Defendants Eddie Barber, Gregory Jackson, Michael Warren, and Jannetta Boyce-Warren are not entitled to any "featured artist" royalties within the meaning of 17 U.S.C. § 114(g)(2)(D) collected and/or held by SoundExchange, Inc., for any "Zapp" and "Roger" recordings. Moreover, these Defendant are **PERMANENTLY ENJOINED** from making any claim, individually or through their officers, agents, servants, employees, and attorneys and all those in active concert or participation with them, that they are a featured artist on any of the Zapp or Roger Recordings, or are otherwise entitled to any of the featured artist royalties in connection with those recordings.

**IT IS SO ORDERED**.

                                                                                                **Algenon L. Marbley**
                                                                                                 **United States District Judge**

**DATED:  March 17, 2025**

---

[3] Defendant Glover refers at one point to a "potential[] Counterclaim." (Defendant Bobby Glover's Reply in Support of Motion to Set Aside the Clerk's Entry of Default on June 3, 2024, ECF No. 38, PageID# 368) However, his proposed Answer contains no counterclaim.